UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EZEKIEL ROULETTE,
    Plaintiff

vs

PAULA HALL,
    Defendant

Case No. 1:09-cv-841

Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on defendant Paula Hull's[1] motion for summary judgment (Doc. 14), to which plaintiff Ezekiel Roulette has not responded. For the reasons that follow, the undersigned recommends that the motion for summary judgment be granted as unopposed and this action be dismissed with prejudice.

## I. Procedural History

Plaintiff initiated this action on November 16, 2009, while he was incarcerated at the Scioto County Jail. (Doc. 1). Plaintiff filed a motion for leave to proceed in forma pauperis and separate complaints against the jail and several individual defendants. The Court granted the motion for leave to proceed in forma pauperis (Doc. 2) and dismissed the complaints against all of the defendants except Paula Hull. (Doc. 4). The complaint against Hull seeks damages for her failure to provide notary services to plaintiff, an African-American, while providing such services to a white inmate. (Doc. 3). Plaintiff's only allegations against Hull in the complaint are that she told plaintiff she would not notarize any of his motions which he had written, but she told a white inmate that she would notarize his motions if he had any.

On July 20, 2010, defendant Hull filed her motion for summary judgment. (Doc. 14).

---

[1]Defendant is erroneously captioned as Paula "Hall" in the complaint.

Defendant claims that she is entitled to summary judgment because (1) plaintiff failed to exhaust his administrative remedies, and (2) plaintiff's conclusory allegations of unconstitutional conduct are insufficient to state a claim for relief under 42 U.S.C. § 1983.

On August 20, 2010, the Court ordered plaintiff to show cause in writing, within 20 days of the filing date of the Show Cause Order, why defendant's motion for summary judgment should not be construed as unopposed and granted for the reasons stated in the motion. (Doc. 15). The Order was served on plaintiff by certified and regular mail. Subsequently, on August 24, 2010, the Court received a Notice of Change of Address from plaintiff dated August 22, 2010, listing a new address of P.O. Box 5500, Chillicothe, Ohio 45601. (Doc. 16). The following day, the certified mail receipt ("green card") for the Show Cause Order was returned executed. (Doc. 17). It had been signed by Marty Donini at the Scioto County Jail. However, the Show Cause Order which had been sent by regular mail was returned as undeliverable on September 1, 2010. (Doc. 18). The envelope was stamped "Return to Sender" and "Attempted-Not Known/Unable to Forward." *Id.* On September 1, 2010, the Court re-sent the Show Cause Order to plaintiff via both regular and certified mail. Thereafter, on September 7, 2010, the green card was returned executed. (Doc. 19).

On September 14, 2010, plaintiff filed a motion for extension of time to respond to the motion for summary judgment. (Doc. 20). The Court granted plaintiff an extension of time until October 29, 2010, to file his response and cautioned plaintiff that no further extensions would be granted. (Doc. 21). Plaintiff has not filed anything with the Court in this case since that time.

## II. Standard of Review

A motion for summary judgment should be granted if the evidence submitted to the court

demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "[A] party seeking summary judgment . . . bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 405 (6th Cir. 1982). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. *See Barnhart v. Pickrel, Shaeffer & Ebeling Co. L.P.A.*, 12 F.3d 1382, 1389 (6th Cir. 1993).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)). In response to a properly supported summary judgment motion, the non-moving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (quoting *First Nat'l Bank*, 391 U.S. at 288-89). Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." *Guarino*, 980 F.2d at 405 (citing *Inter-Royal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).

3

The movant bears the burden of demonstrating that no material facts are in dispute. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The non-moving party's failure to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. *Mongan v. Lykins,* No. 1:09-cv-00626, 2010 WL 2900409, at *3 (S.D. Ohio 2010) (citing *Guarino*, 980 F.2d at 410; *Carver v. Bunch*, 946 F.2d 451, 454-455 (6th Cir. 1991)). Judge Spiegel in *Mongan* explained the Court's obligation when evaluating an unopposed motion for summary judgment as follows:

> [T]he Court must review carefully those portions of the submitted evidence designated by the moving party. The Court will not, however, sua sponte comb the record from [the non-moving party's] perspective. Instead, the Court may reasonably rely on [the movant's] unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are uncontroverted. If such evidence supports a conclusion that there is no genuine issue of material fact, the Court should determine that [the movants] have carried their burden. . . .

*Id.* (internal quotations and citations omitted).

### III. Facts

Defendant Hull was a Deputy at the Scioto County Sheriff's Office. (Doc. 14-1, Hull Aff., ¶ 1). She has been a notary since the late 1990s. (*Id.*, at ¶ 3). In the summer of 2009, she received notice at a Wal-Mart store in New Boston, Ohio, that someone had made a copy of her notary stamp and had used her notarization illegally. (*Id.*, at ¶ 4). After being so notified, she started to notarize only documents that were "formal documents." (*Id.*, at ¶ 5). Hull states that she has no racial animus toward plaintiff and no recollection of not notarizing his document. (*Id.*, at ¶¶ 5, 6). She states that if she did not notarize plaintiff's document, it would not have been because of his race. (Id., at ¶ 7).

4

Marty Donini is the Sheriff of Scioto County. (Doc. 14-2, Donini Aff., ¶ 1). The Scioto County Jail has a grievance procedure which is set forth in Chapter 715, "Inmate Grievances," §§ 01-05 of the Scioto County Jail Policy and Procedures ("Grievance Process"). (*Id.*, at ¶ 2). Section 01 of the Grievance Process provides a formal method for inmates to resolve their grievances with management fairly and expeditiously. (*Id.*, at ¶ 3). Inmates may use the Grievance Process to address problems or complaints of any nature in reference to their treatment during incarceration without fear of reprisal, including complaints that the inmate has been subjected to abuse, harassment, or abridgement of civil rights or that he has been denied privileges without cause. (*Id.*, at ¶¶ 4, 5). Under the Grievance Process, an inmate who wishes to file a grievance will request an Inmate Grievances Report (JA-53) from a Deputy Sheriff. (*Id.*, at ¶ 6). Plaintiff did not request a JA-53 from a Deputy Sheriff as specified by the Grievance Process before filing his § 1983 claim in this action, and he did not exhaust any of his administrative remedies under § 715. (*Id.*, ¶¶ 8, 9).

### IV. Resolution

Plaintiff's claim should be dismissed for failure to exhaust his administrative remedies. Under 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act (PLRA), a prisoner confined in any jail, prison or other correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes . . ." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). Exhaustion under the PLRA is mandatory and unexhausted claims cannot be brought in federal

5

court. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo,* 548 U.S. 81, 85 (2006). Prisoners must exhaust the prison grievance procedure "even where the relief sought-monetary damages-cannot be granted by the administrative process." *Woodford,* 548 U.S. at 85 (citing *Booth v. Churner,* 532 U.S. 731, 734 (2001)).

In this case, plaintiff was aware of the Scioto County Jail's Grievance Process as evidenced by his allegation in the complaint that when inmates file their grievances, they receive no response. (Doc. 3). However, it is undisputed that plaintiff did not exhaust his administrative remedies under the Grievance Process before filing his claim against Hull for violation of his equal protection rights. Summary judgment should be granted in defendant Hull's favor on this basis.

Summary judgment should also be granted on the ground that plaintiff's equal protection claim fails on the merits. In general, the Equal Protection Clause requires that "all persons similarly situated should be treated alike." *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999) (quoting *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985)). The purpose of the Equal Protection Clause "is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To prevail on a § 1983 claim for a violation of equal protection, the plaintiff must show that a state actor intentionally discriminated against him because of his membership in a particular class. *See Henry v. Metropolitan Sewer Dist.,* 922 F.2d 332, 341 (6th Cir. 1990). Plaintiff has not presented any evidence to rebut defendant's Hull explanation for not notarizing his documents. Nor has he presented evidence supporting his allegation that defendant

6

Hull intentionally discriminated against him because of his race.

### IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Hull's motion for summary judgment (Doc. 14) be **GRANTED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 1/20/2011

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EZEKIEL ROULETTE,
    Plaintiff

vs

PAULA HALL,
    Defendant.

Case No. 1:09-cv-841

Barrett, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

8

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee |
| | B. Received by ( Printed Name )  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Ezekiel Roulette<br>Chillicothe Corr. Inst.<br>PO Box 5500<br>Chillicothe, Ohio 45601 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8389 0927 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540